UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMCO INSURANCE COMPANY, ET AL.,

        Plaintiff,

v.

DRS REALTY COMPANY, INC.,

        Defendant.

_____/

Case No. 15-10725

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [12], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15], AND DISMISSING CASE WITHOUT PREJUDICE**

This declaratory judgment action concerns insurance coverage. Plaintiffs AMCO Insurance Company, Allied Property & Casualty Insurance Company, and Nationwide Insurance Company of America separately issued Defendant DRS Realty Company business automobile insurance policies covering April 2013 to April 2014. Plaintiffs brought this action against Defendant for a declaration that their policies do not cover a car accident, involving two of Defendant's employees and a third party, that occurred in Florida on June 17, 2013. The parties have brought cross-motions for summary judgment. Defendant presents no substantive

argument in favor of coverage, instead arguing that there is no controversy sufficient to justify issuance of a declaratory judgment.

For the reasons stated below, Plaintiffs' Motion for Summary Judgment [Dkt. #12] is **DENIED** and Defendant's Motion for Summary Judgment [15] is **GRANTED**. The case is **DISMISSED WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

Plaintiffs AMCO Insurance Company, Allied Property & Casualty Insurance Company, and Nationwide Insurance Company of America separately issued Defendant DRS Realty Company, Inc., business automobile insurance policies covering April 2013 to April 2014. AMCO issued a Michigan policy; Allied issued a South Carolina policy; and Nationwide issued a Florida policy.

On June 17, 2013, John Kendal, an employee of Defendant DRS, drove a truck in Indiantown, Florida, where he lived at the time. Carlos Sanchez, another DRS employee, was a passenger in the truck. Kendal and Sanchez were allegedly using the truck in the course and scope of their employment. They collided with a vehicle driven by Melia Mendez.

Counsel for Mendez sent Defendant DRS a letter on March 21, 2014, demanding that it notify its auto insurers (i.e, Plaintiffs) of the accident. Kendal's car insurance company, Esurance, sent a letter to DRS on April 8, 2014, demanding information about its insurance coverage. DRS's insurance agent

forwarded these letters to Plaintiffs, stating that Esurance was "going after" DRS's corporate coverage.

Counsel for Mendez (the second driver) sent Plaintiff AMCO a letter on May 14, 2014, demanding $100,000 in settlement of her potential personal injury claim. Mendez and AMCO settled for $12,500 in October 2014.

Counsel for Sanchez (the passenger-employee) sent Plaintiff Nationwide a letter on April 16, 2014, demanding insurance information. Nationwide responded the next day, disclaiming coverage and advising Sanchez to file a workers' compensation claim.[1] On June 4, 2014, Sanchez's counsel sent Nationwide another letter, in which they mentioned Nationwide's recently disclosed uninsured motorist policy, informed Nationwide that the two drivers' personal auto insurers had settled his claims for the full policy limits, and requested a waiver of subrogation rights. Nationwide responded on June 18, 2014, requesting an extension regarding the waiver while its counsel reviewed the uninsured motorist coverage. According to an affidavit executed by one of Plaintiffs' attorneys, Sanchez's counsel has made multiple calls to Plaintiffs' counsel concerning claims arising from the accident, with the latest call (as of October 5, 2015) occurring on September 21, 2015. On October 21, 2015, GEICO Insurance sent Nationwide a

---

[1] Apparently unbeknownst to Nationwide, Sanchez had already filed a workers' compensation claim in September 2013.

letter seeking reimbursement of the insurance benefits it had paid Sanchez due to the accident.

Plaintiffs filed this declaratory judgment action on February 27, 2015. On July 28, 2015, Plaintiffs filed a Motion for Summary Judgment [12]. On August 18, 2015, Defendant filed a Response [14], to which Plaintiffs filed a Reply [16] on August 31, 2015. On August 25, 2015, Defendant filed its own Motion for Summary Judgment [15]. Plaintiffs filed a Response [17] on September 15, 2015, to which Defendant filed a Reply [18] on September 18, 2015. Plaintiffs filed Supplemental Exhibits [20] on January 5, 2016.

## ANALYSIS

The Court has discretion under the Declaratory Judgment Act to "declare the rights and other legal relations of any interested party seeking such declaration" in "a case of actual controversy within its jurisdiction." *Western World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (quoting 28 U.S.C § 2201). In exercising this discretion, the Court should consider the following factors:

> (1) Whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; which is determined by asking

>   a. whether the underlying factual issues are important to an informed resolution of the case;
>   b. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>   c. whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action; and
> (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 759 (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554, 560 (6th Cir. 2008)) (internal brackets omitted). The factors boil down to three considerations: "efficiency, fairness, and federalism." *Id.* (citing *Sherwin–Williams Co. v. Holmes Cty.*, 343 F.3d 383, 390–91 (5th Cir. 2003)). The Court's essential task is to conduct "a reasoned analysis of whether issuing a declaration would be useful and fair." *Id.* (citing *Sherwin–Williams*, 343 F.3d at 390).

The Court concludes that issuing the requested declaration would not be useful and fair, primarily because it would not settle the controversy between Plaintiffs and non-parties such as Sanchez. In *Scottsdale*, a patient who had a sexual relationship with her therapist filed a state court suit against the therapist and his employer. 513 F.3d at 550. The employer's insurer filed a federal declaratory judgment action against the patient and therapist (but not the employer), seeking a declaration that the therapist was not an insured under the employer's policy. *Id.* On appeal from the district court's declaratory judgment,

the Sixth Circuit held that in settling the issue of whether the employer's policy covered the therapist as an insured, the declaratory judgment settled a controversy between the insurer and therapist (as well as the patient). *Id.* at 556 & n.1. Here, Plaintiffs ask the Court to declare that Sanchez is not an "insured" under the policies purchased by Defendant, his employer. *Scottsdale* suggests that this is a controversy between Plaintiffs and Sanchez.

At oral argument, Plaintiffs' counsel underscored the relevance of the controversy between Plaintiffs and Sanchez. Defendant's counsel stated that if Sanchez filed suit, Defendant would, in the state court, agree with Plaintiffs that the policies did not provide coverage. In response, Plaintiffs' counsel suggested that Defendant would have no opportunity to do so, or that Defendant's agreement would be irrelevant, because Sanchez's suit would be brought directly against Nationwide and not involve Defendant at all. This representation undermines Plaintiffs' argument that Sanchez's potential suit is a controversy *with Defendant* sufficient to warrant a declaratory judgment in this action, which Plaintiffs pursue only against Defendant. Moreover, even though Defendant's counsel conceded that the requested declaratory judgment should not be binding on Sanchez or other non-parties because they are not parties to this suit, counsel stated that if Sanchez brings suit, his client(s) "would assert that [Sanchez's coverage] has already been ruled on" by this Court. Counsel further stated that Sanchez's attorneys have

called Plaintiffs' counsel periodically to ask about the status of this case "because they know that if [Plaintiffs] win this case, they are out of luck." In sum, in explaining how the requested judgment would be useful, Plaintiffs have primarily pointed to ways in which it might dissuade Sanchez or other non-parties from bringing or pursuing a claim.

The Court declines to issue a declaratory judgment primarily directed at non-parties. The Court will therefore deny Plaintiffs summary judgment, grant Defendant summary judgment, and dismiss the case without prejudice.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [15] is **GRANTED**. Plaintiffs' Motion for Summary Judgment [12] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: February 17, 2016        Senior United States District Judge